

United States Department of State

*Washington, D.C.   20520*

December 12, 2017

Joshua M. Ambush
Joshua M. Ambush, LLC
1726 Reisterstown Rd.
Suite 206
Baltimore, MD 21208

**Re:  Schooley et al. v. Islamic Republic of Iran et al., 1:17-cv-01376 (BAH)**

Dear Mr. Ambush:

I am writing in reference to your request for transmittal of a summons and complaint to the Ministry of Foreign Affairs of Iran in the above referenced lawsuit in accordance with 28 U.S.C. Section 1608(a)(4), the Foreign Sovereign Immunities Act.

The Department of State will not accept a request for service under Section 1608(a)(4) if the other methods for service in Section 1608(a) have not been exhausted, if the documents are incomplete or do not meet the requirements of the Act or 22 C.F.R. 93.

The Office of Legal Affairs has reviewed the documents submitted, and we are unable to comply with your request at this time inasmuch as the documents submitted are incomplete or do not meet the requirements of the Act or 22 C.F.R. 93.  Specifically, the checked item(s) below:

☒ Under 28 U.S.C. Section 1608(a), service of process on a foreign state defendant must be attempted in a four-step, hierarchical manner. The Department of State will not accept a request for service under Section 1608(a)(4) if the other methods for service in Section 1608(a) have not been exhausted. Requesting courts or plaintiff's counsel should establish in writing to the Department that service pursuant to 1608(a)(1), (2) and (3) has been attempted or are otherwise not applicable, for example, if a foreign state which is a party to the Hague Service Convention formally objected to service by mail, or if the court has directed service through 1608(a)(4). However, the request letter and/or documents provided do not indicate the methods for service under 1608(a)(1), (2) and (3) have been exhausted or do not apply. In your letter dated August 31, 2017 you referenced the U.S. District Court for the District of Columbia Attorney Manual for Service of Process on a Foreign Defendant, noting that "it is okay for an attorney to request service directly through diplomatic channels (28 U.S.C. § 1608(a)(4)) without attempting service under any other provisions first."  While our experience has been that attempts at service of a summons and complaint on the Islamic Republic of Iran by mail or courier pursuant to Section 1608(a)(3) are  unsuccessful, we



**EXHIBIT**

B

cannot rely on the attorney manual as an authority that Section 1608(a)(3) is inapplicable in the instant case. If the court has directed service pursuant to 1608(a)(4), please provide a copy.

Therefore, in order to proceed with service under Section 1608(a)(4), please resolve the issue(s) identified above.

Additionally, for your information, the following Department of State webpages provide information on the FSIA, including what documentation to provide for service of process under FSIA.

- FSIA Checklist: https://travel.state.gov/content/travel/en/legal-considerations/judicial/service-of-process/fsia-checklist.html
- Foreign Sovereign Immunities Act FAQs: https://travel.state.gov/content/travel/en/legal-considerations/judicial/service-of-process/foreign-sovereign-immunities-act.html

Should you have any questions in this regard, please do not hesitate to contact me at (202) 485-6173.

Sincerely,

Jared Hess
Attorney Adviser
Office of Legal Affairs
Overseas Citizens Services