## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM M. SCHOOLEY, *et al.,* | : |
| | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : **Case No. 1:17-cv-01376-BAH** |
| | : |
| THE ISLAMIC REPUBLIC OF IRAN, *et al.* | : |
| | : |
| Defendants. | : |

------------------------------------------------------------

### PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT

Plaintiffs William Schooley et al., by undersigned counsel, hereby move for entry of default pursuant to Rule 55(a), Fed. R. Civ. P., and in support thereof, plaintiffs state as follows:

The Complaint on behalf of all Plaintiffs and against all Defendants was filed on July 13, 2017. See Docket Entry #1.

This Court issued an Order granting Plaintiffs Motion to Proceed with Service Through Diplomatic Channels on December 19, 2017. See Docket Entry #12.

Subsequently, all Defendants were properly served via diplomatic channels by the United States State Department pursuant to 28 U.S.C. §1608(a)(4). See Docket Entry #13.

Defendants' Answer was due April 8, 2018. See Docket Entry #13. As April 8, 2018 was a Sunday, Defendants' Answer was effectively due April 9, 2018.

Defendants have failed to respond or file an answer to the complaint filed against them within the 60 days allowed for foreign defendants under 28 U.S.C. §1608(d).

Since the Defendants failed to respond they are in Default. The Clerk of the Court may now enter a Declaration of Default, under Rule 55(a).

This case is brought pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1605A, that permits victims of terrorism to file suit against foreign sovereign state sponsors of

terrorism. All plaintiffs are injured victims or their closest relatives, of the terrorist bombing on June 25, 1996, that occurred at the United States Air Force Base in Dhahran, Saudi Arabia in a housing complex known as the Khobar Towers.

Defendants are the Islamic Republic of Iran ("Iran"), a foreign sovereign state, and its political subdivisions and/or agencies and instrumentalities the Iranian Ministry of Intelligence and Security ("MOIS") and the Iranian Islamic Revolutionary Guard Corp ("IRGC").

All plaintiffs have suffered serious physical and emotional injuries.

Defendants have previously been found to be liable for sponsoring the Khobar Towers attack through the provision of material support and resources to the perpetrators of the attack. See *Estate of Heiser, et al v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40 (D.D.C. 2006).

Once a Declaration of Default is entered, Plaintiffs intend to move for entry of a default judgment as to liability and, pursuant to 28 U.S.C. §1608(e), move to establish their claims or right to relief by "evidence satisfactory to the court" on an expedited basis. Plaintiffs also intend to seek an expedited determination of the merits of each individual Plaintiff's injury claims.

WHEREFORE, all Plaintiffs respectfully move for entry of a Declaration of Default against all Defendants.

Respectfully submitted,

Joshua M. Ambush, Esquire

DC Bar # MD27025
JOSHUA M. AMBUSH, LLC
1726 Reisterstown Road, Suite 206
Baltimore, Maryland 21208
410-484-2070
joshua@ambushlaw.com
Attorney for Plaintiffs