**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILLIAM M. SCHOOLEY, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.  1:17-CV-01376 (BAH) |
| | * | |
| ISLAMIC REPUBLIC | * | |
| OF IRAN, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFFS' STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
THEIR MOTION FOR DEFAULT JUDGMENT
UPON EVIDENTIARY HEARING
AGAINST IRANIAN DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 55(b), 28 U.S.C. § 1608(e) and LCvR 7 all plaintiffs, by and through undersigned counsel, hereby submit this Statement of Points and Authorities in Support of their Motion for Default Judgment Upon Evidentiary Hearing Against Iranian Defendants, and state as follows:

**I.      Procedural Background.**

This case arises under the Foreign Sovereign Immunities Act of 1976, Pub. L. 94-583, 90 Stat. 2891, *codified at* 28 U.S.C. §§ 1330, 1332(a), 1391(f) and 1601-1611 ("FSIA").  Plaintiffs are members of the United States Air Force and certain of their immediate family members, all of whom suffered physical and/or mental and/or emotional injuries as a result of the terrorist attack upon the United States military facility known as the Khobar Towers, located in Dhahran, Saudi Arabia on June 25, 1996.

As alleged in detail in the complaint, Plaintiffs have sued Iran, and certain of its various military, security, and intelligence apparatuses under Section 1605A of the FSIA ("1605A") for their material support of the Khobar Towers bombing. *See* 28 U.S.C. § 1605A (2013) (creating

private cause of action against certain state sponsors of terrorism for state's material support of terrorist acts). (*See* ECF # 1 at ¶¶ 11-34.) As authorized by 1605A, they have brought claims for physical and mental injuries, and for solatium for intentional infliction of emotional distress economic and punitive damages. *See* 28 U.S.C. 1605A(c)(4) (authorizing right to physical and mental injury damages and solatium and punitive damages); *see also Valore v. Islamic Rep. of Iran*, 700 F. Supp. 2d 52, 78 (D.D.C. 2010) (recognizing right of surviving family members to bring solatium claims for intentional infliction of emotional distress under 1605A).

Because this case arises under the FSIA, service of process was required to be accomplished by using one of the methods stipulated in 28 U.S.C. § 1608.  28 U.S.C. § 1608(a) lists four preferred methods of services and generally requires that service of process be attempted by using those methods in the order they are listed in the statute.  However, service under 28 U.S.C. § 1608(a)(1) and (a)(2) was not possible in this case because no special arrangement exists between the plaintiffs and the Islamic Republic of Iran and because the United States has no treaty relations with the Islamic Republic of Iran that provides for service of process in civil matters. Similarly, service under 28 U.S.C. § 1608(a)(3) was not possible.

In line with the procedure suggested by this Court's *Attorney Manual for Service of Process on a Foreign Defendant*, Plaintiffs did not attempt to serve Iran using the procedures employed in 28 U.S.C. § 1608(a)(3).  Rather, because attempts at service by mail or courier on the Islamic Republic of Iran are frequently futile, Plaintiffs initially sought to serve the defendants via diplomatic channels on September 1, 2017. (*See* ECF# 9) *See also* U.S. District Court of the District of Columbia, Attorney Manual for Service of Process on a Foreign Defendant (April 2009) at 4 (permitting service upon Iran "directly through diplomatic channels [28 U.S.C. § 1608(a)(4)] without attempting service under any other provisions first").

Plaintiff's request gave the Department of State pause, as it sought stronger authority to proceed directly under 28 U.S.C. § 1608(a)(4). At the request of the Department of State, Plaintiffs then sought leave of Court to proceed directly with service through diplomatic channels on December 19, 2017. (See ECF # 11) The court issued an Order granting Plaintiffs Motion to proceed with service through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4) on December 19, 2017. (See ECF # 12) Accordingly, on February 7, 2018, service of process via The United Stated Department of State serving diplomatic notes No. 1007-IE, 1008-IE, and 1009-IE, was effected on The Iranian Defendants under 28 U.S.C. § 1608(a)(4). (*See ECF* #13)

Although required by 28 U.S.C. § 1608(d) to respond to the Complaint within 60 days of service, to date, none of The Iranian Defendants has filed any responsive pleading or otherwise appeared in this case. The time for these defendants to answer or otherwise plead, respond, or defend this action has not been extended. On April 20, 2018 Plaintiffs filed a Motion for Entry of Default (See ECF #14) On April 23, 2018, the Clerk of Court entered default under Federal Rule of Civil Procedure 55(a) against the Iranian Defendants. (*See* ECF #15)

Plaintiffs respectfully request an evidentiary hearing on liability and damages as required by the FSIA so that a default judgment can be entered by the Court. Under the FSIA, default judgment can generally only be entered by the Court after an evidentiary hearing on liability and damages under the FSIA. *See* 28 U.S.C. § 1608(e) (2013). Accordingly, Plaintiffs, respectfully request a scheduling conference to expedite the setting of a hearing date.

**II.      When Claims Arise Under the Foreign Sovereign Immunities Act, An Evidentiary Hearing on Liability, including Jurisdiction, and Damages is Required Before a Court May Enter Default Judgment.**

After default has been entered by the Clerk under Federal Rule of Civil Procedure 55(a), the FSIA imposes special requirements before a default judgment can be entered by the Court.

3

28 U.S.C. § 1608(e) stipulates that "[n]o judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Plaintiffs generally establish their "claim or right to relief," through an evidentiary hearing before the court on liability and damages, in lieu of a full trial on the merits. *See, e.g., Harrison v. Rep. of Sudan*, 882 F. Supp. 2d 23, 28 (D.D.C. 2012) (holding evidentiary hearing to determine whether Sudan was liable under 1605A for its material support of *U.S.S. Cole* bombing); *Owens v. Rep. of Sudan*, 826 F. Supp. 2d 128, 134-35 (D.D.C. 2011) (holding evidentiary hearing to determine whether Iran and Sudan liable under 1605A for their material support of Al Qaeda). "This standard mirrors that applied to entry of default judgment against the United States in Federal Rule of Civil Procedure 55(d)." *Harrison*, 882 F. Supp. 2d at 28. All elements of the FSIA claim, including jurisdiction, are determined during or after the FSIA evidentiary hearing based upon the evidence presented. *See, e.g., Harrison*, 882 F.Supp. 2d at 28; *Owens* 826 F. Supp. 2d at 134-35.

Here, default has been properly entered under Federal Rule of Civil Procedure 55(a). Accordingly, in line with the FSIA and the precedent of the United States District Court for the District of Columbia, Plaintiffs are requesting that this Court enter default judgment upon holding an evidentiary hearing on all of the elements of their claims, including liability and damages.

## III.    Explanation of Jurisdiction.

Plaintiffs respectfully submit the following explanation of jurisdiction under the FSIA. As explained by Judge Bates in *Owens v. Republic of Sudan*, 882 F. Supp. 2d 128, 143 (D.D.C. 2012):

The Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611, is the sole basis for obtaining jurisdiction over a foreign state in the United States. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989); *Brewer v. Islamic Republic of Iran*, 664 F.Supp.2d 43, 50 (D.D.C.2009). Although the FSIA provides that foreign states are generally immune from jurisdiction in U.S. courts, see 28 U.S.C. § 1604, a federal district court can obtain personal and subject matter jurisdiction over a foreign entity in certain circumstances. A court can obtain **personal jurisdiction over a defendant if the plaintiff properly serves the defendant in accordance with 28 U.S.C. § 1608.** *See* 28 U.S.C. § 1330(b). Moreover, **subject matter jurisdiction exists if the defendant's conduct falls within one of the specific statutory exceptions to immunity**. *See* 28 U.S.C. §§ 1330(a) & 1604.

(emphasis added). Here, Plaintiffs will fully establish at the evidentiary hearing that this Court has jurisdiction because service was proper and defendants' conduct falls within the "state sponsor of terrorism" exception set forth in 1605A.

### 1. Personal Jurisdiction.

First, The Iranian Defendants have been validly served under 28 U.S.C. § 1608(a). To determine whether an entity was properly served under the FSIA, a court examines whether "the core functions of the foreign entity are predominantly governmental or commercial[.]" *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 152(D.C. Cir. 1994). If the entity's functions are predominantly governmental, then a plaintiff must proceed with service of process under the methods outlined in 28 U.S.C. § 1608(a), in the order they are listed in under that section of the statute. *Id.* at 154. The defendants here are either the state itself or various military, security, and intelligence apparatuses of the state, which are considered the state itself under the FSIA. [1] *See, e.g., Transaero*, 30 F.3d at 153 ("core functions" of military apparatus of foreign sovereign are governmental, accordingly service of process under 28 U.S.C. 1608(a)

---

[1] If the entity's functions are predominantly commercial, then it is considered an "agency or an instrumentality" of the state, and service proceeds under 28 U.S.C. § 1608(b). *See id.* at 151-52.

proper); *Owens*, 826 F. Supp. 2d at 148 (holding service of process proper under 28 U.S.C. §

1608(a) upon defendants the Islamic Republic of Iran and its intelligence service, the Ministry of

Information and Security (MOIS), and the Iranian Revolutionary Guards Corps (IRGC) in

1605A action); *Blais v. Islamic Rep. of Iran*, 459 F. Supp. 2d 40, 60–61 (D.D.C. 2006)

(Lamberth, J.) (concluding that both MOIS and IRGC must be treated as the state of Iran itself);

*Salazar v. Islamic Rep. of Iran*, 370 F. Supp. 2d 105, 115–16 (D.D.C. 2005) (same).[2]

**2. Subject Matter Jurisdiction.**

Chief Judge Lamberth has explained that subject matter jurisdiction under the FSIA is

established by establishing the factors set forth is in § 1605A(a)(1) and (a)(2):

> Specifically, a foreign state is not immune from suits in which the
> following factors are met: "(1) money damages are sought (2) against
> that state for (3) personal injury or death that (4) was "caused by" (5) ...
> or the **provision of material support of resources** for such an act if
> such act or provision of material support or resources is engaged in by an
> official, employee or agent of such foreign state while acting within the
> scope of his or her office, employment or agency." 28 U.S.C. §
> 1605A(a)(1);  . . .  Furthermore, the FSIA provides that courts "shall
> hear a claim" under § 1605A of the FSIA if (1) the foreign state was
> designated as a state sponsor of terrorism at the time the act occurred; (2)
> the claimant was a United States national, a member of the armed forces,
> or otherwise an employee or contractor of the Government of the United
> States, acting within the scope of her employment and (3) the claimant
> has afforded the foreign state a reasonable opportunity to arbitrate the
> claim, provided that the act occurred in the foreign state against which
> the claim is brought. 28 U.S.C. § 1605A(a)(2). **Combined, these §
> 1605A(a)(1) and (a)(2) factors determine the Court's jurisdiction
> over the present case**

---

[2] The IRGC is "a uniformed military and terrorist operations force that answer[s] to the
Ayatollah, the "supreme leader" of Iran's theocracy[.] *Salazar* 370 F.Supp.2d at 110.  The IRGC
is a "party militia and pretty autonomous on its own." *Id.* (internal quotations omitted).

*Harrison*, 882 F. Supp. 2d at 29 (alterations added and in original).  "[T]he defendant bears the burden of proving that the plaintiff's allegations do not bring its case within a statutory exception to immunity." *Harrison*, 882 F. Supp. 2d at 50 (internal quotation omitted).

Here, Plaintiffs, U.S. nationals, have brought a nonjury civil action against Iran, and political subdivisions thereof, for money damages for their material support of the Khobar Towers bombing, acts of terrorism for which the defendants are not immune. As for the §1605A(a)(2)(A)(iii) arbitration requirement, Plaintiffs were not required to extend an offer to arbitrate because the FSIA only requires as much when the alleged terrorist act occurred in the foreign state against which the claim is brought. *Id.*  Additionally, Iran was designated as state sponsors of terrorism during the events in question.  Iran has been designated a state sponsor of terrorism since 1984 and was recognized by the State Department as "the premier state sponsor of terrorism in 1996." U.S Department of State, Patterns of Global Terrorism (January 1, 1997) *available at* https://1997-2001.state.gov/global/terrorism/1996Report/1996index.html; *see also* U.S. Dep't of State, Determination Pursuant to Section 6(i) of the Export Administration Act of 1979-Iran, 49 Fed. Reg. 2836, Jan. 23, 1984.  Accordingly, the Court has subject matter jurisdiction over this matter. Indeed, Iran has been held liable under 1605A for its material support of this very same act of terrorism. *See Heiser et al, v. Islamic Rep. of Iran, 466 F. Supp. 2d 229 (D.D. C. 2006); Blais v. Islamic Rep. of Iran, 459 F. Supp. 2d 40, (D.D.C. 2006)*

**IV.    Conclusion.**

Wherefore, for the reasons stated herein, Plaintiffs respectfully request that this Court grant their motion for default judgment against the Iranian Defendants upon evidentiary hearing and set up a scheduling conference on this matter.

Respectfully submitted,

Joshua M. Ambush, Esquire
Bar No. MD27025
Law Offices of Joshua M. Ambush, LLC
1726 Reisterstown Road, Suite 206
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
joshua@ambushlaw.com
Attorney for Plaintiffs

Dated: May 15, 2018

8