IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM M. SCHOOLEY, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.  1:17-CV-01376 (BAH) |
| | * | |
| ISLAMIC REPUBLIC | * | |
| OF IRAN, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR A STATUS CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 16(b) and LCvR 16.4, all Plaintiffs by and

through undersigned counsel, hereby submit this Statement of Points and Authorities in Support

of their Motion for Status Conference, and state as follows:

**I.      Procedural Background.**

This case arises under the Foreign Sovereign Immunities Act of 1976, Pub. L. 94-583, 90

Stat. 2891, *codified at* 28 U.S.C. §§ 1330, 1332(a), 1391(f) and 1601-1611 ("FSIA").  Plaintiffs are

members of the United States Air Force and certain of their immediate family members, all of

whom suffered physical and/or mental and/or emotional injuries as a result of the terrorist attack

upon the United States military facility known as the Khobar Towers, located in Dhahran, Saudi

Arabia on June 25, 1996.

As alleged in detail in the complaint, Plaintiffs have sued Iran, and certain of its various

military, security, and intelligence apparatuses under Section 1605A of the FSIA ("1605A") for

their material support of the Khobar Towers bombing. (See ECF#1, generally)

1

Plaintiffs filed their complaint against all defendants on July 13, 2017. (*See* ECF #1). Plaintiffs also notified the court of their Consent and Reference of a Civil Action to a Magistrate Judge. (*See* ECF #3).

By leave of court, process was served through diplomatic channels on February 7, 2018, and an Affidavit of Service was entered into the Docket on March 20, 2018. (*See* ECF #9-13).

After the Defendants did not answer by the April 8, 2018 deadline, Plaintiffs filed a Motion for Entry of Default on April 20, 2018. (*See* ECF #14). On April 23, 2018, the Clerk of Court entered default under Federal Rule of Civil Procedure 55(a) against the Iranian Defendants. (*See* ECF #15).

On May 15, 2018, Plaintiffs filed a Motion for Default Judgment Upon Evidentiary Hearing. (*See* ECF #16).

## II.    Clarification.

Rule 16(b) of the Federal Rules of Civil Procedure and LCvR 16.4 guide the court to set a scheduling order to govern the case proceedings.

Plaintiffs' styled their motion as a Motion for Default Judgment **Upon Evidentiary Hearing** (emphasis added). In addition, the docket entry misidentified the motion as a Motion for Default Judgment. (See ECF#16)

Plaintiffs did not intend their prior motion to be a request for an immediate Order of Default Judgment. Rather, Plaintiffs' were seeking a Scheduling Order to advance their case to an evidentiary hearing "to present evidence satisfactory to the court" as required by 28 U.S.C. §1608(e). Only after proving their case at an evidentiary hearing did Plaintiffs contemplate seeking an Order of Default Judgment. To the extent Plaintiffs inarticulately captioned their

motion and erroneously described it as a "Motion for Default Judgment" in the court's ECF system, (ECF#16), Plaintiffs hereby clarify their position and correct the record.

### III. Plaintiffs Purpose in Seeking a Status Conference.

Plaintiffs are victims of terror and their close family members.  Now that the Defendants have been deemed in default, Plaintiffs eagerly anticipate the opportunity to present their claim as expeditiously as possible.   Plaintiffs contend that a Status Conference, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and LCvR 16.4, is the proper and best way to inform the court of their readiness to proceed to an evidentiary hearing and discuss any other relevant issues. (See ECF#5)

At a Status Conference, in line with their prior consent, Plaintiffs intend to request this case be referred to a Magistrate Judge. (See ECF#3)

### IV.    Conclusion.

Wherefore, for the reasons stated herein, Plaintiffs respectfully request that this Court grant their Motion for Status Conference.

Respectfully submitted,

Joshua M. Ambush, Esquire
Bar No. MD27025
Law Offices of Joshua M. Ambush, LLC
1726 Reisterstown Road, Suite 206
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
joshua@ambushlaw.com
Attorney for Plaintiffs

Dated: June 15, 2018