**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILLIAM M. SCHOOLEY, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.  1:17-CV-01376-BAH |
| | * | |
| ISLAMIC REPUBLIC | * | |
| OF IRAN, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**************************************************************************

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF PARTIAL DENIAL OF**
**MOTION FOR LEAVE TO FILE EVIDENCE UNDER SEAL**

Plaintiffs, through undersigned counsel, pursuant to Local Rule LCvR5.1(h), respectfully

request that the Court reconsider its minute order of July 18, 2018 partially denying their motion

to file their declarations and exhibits under seal, and state in support of this request as follows:

**I.       PRELIMINARY STATEMENT**

The 219 Plaintiffs here are victims of the terrorist attack on the Khobar Towers Complex

and their immediate family members.  Plaintiffs filed this action on July 13, 2017.  Plaintiffs

filed a Motion for Entry of Default against Defendants as to Defendants Iranian Islamic

Revolutionary Guard Corps, Iranian Ministry of Information and Security, and the Islamic

Republic of Iran on April 20, 2018.  The Court issued an Entry of Default as to those Defendants

on April 23, 2018.  On June 20, 2018, the Court issued an Order vacating the status conference

scheduled on June 29, 2018 and directing Plaintiffs to submit their proposed findings of fact and

conclusions of law and any documentary evidence as to damages by July 27, 2018. Plaintiffs

filed a Motion for Extension of Time on July 13, 2018 which the Court granted, directing

Plaintiffs to file the submissions by September 26, 2018.

On July 16, 2018, Plaintiffs filed a Sealed Motion for Leave to File Evidence Under Seal. (ECF No. 20).  Plaintiffs intend to submit certain evidence, including medical records, VA disability files, declarations containing sensitive information, passports, birth certificates, and naturalization certificates in support of their claims here.  Plaintiffs' medical records, declarations, and VA disability files contain protected health information which should not be disclosed to the general public.  Additionally, as victims of terrorism, plaintiffs are especially vulnerable to reprisal from defendants—through identify theft or otherwise.  Placing their passports and birth certificates online, which contain their pictures and other identifying information, puts them at risk of harm.

In its paperless minute order of July 18, 2018 this Court granted in part and denied in part Plaintiffs' Motion for Leave to File Evidence Under Seal, and "direct[ed] the plaintiffs to file their declarations and exhibits under seal, and to file on the public docket a version of those documents with personally identifiable information redacted."

However, redaction would not cure the privacy interest harmed by public disclosure of plaintiffs' protected health information. Additionally, for documents such as passports and birth certificates, which are per se identifying documents, redaction is impracticable.  Both the sensitive information at issue as well as the fact that plaintiffs are victims of terrorism, strongly weigh against any general principle of public access to the documents at issue here—especially since Plaintiffs' Proposed Findings of Fact and Conclusions of Law will be on the public docket and prior pleadings have sufficiently identified plaintiffs so that both the defendants and the public are sufficiently informed about the nature of these proceedings.

**II.     PLAINTIFFS' INTEREST IN THE PRIVACY AND CONFIDENTIALITY OF THEIR PROTECTED HEALTH INFORMATION AND IDENTITY DOCUMENTS  IS SUFFICIENT TO WARRANT THAT THESE DOCUMENTS NOT BE PLACED ON THE PUBLIC DOCKET IN ANY FORM**

The United States Circuit Court of Appeals for the District of Columbia recognizes that there is a "strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016). However, the D.C. Circuit has set forth the following six factors which "'might act to overcome this presumption'":

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

*Id.* (quoting *U.S. v. Hubbard*, 650 F.2d 293 (D.C. Cir 1980)).  Additionally, courts in this district recognize that protecting the identity of victims of terrorism is valid grounds for a motion to seal. *See Fay v. Perles*,  59 F. Supp. 3d 128, 134 (D.C. Cir. 2014) (citing *Khaliq v. Rep. of Sudan*, 33 F. Supp. 3d 29 (D.D.C. 2014) and *Mwila v. Islamic Rep. of Iran*, 33 F. Supp. 3d 36 (D.D.C. 2014)).

**1.    Under the *Hubbard* Factors, Medical Records, Psychological Reports, and Other Documents Containing Protected Health Information, Should be Sealed without any Placement on the Public Docket**

Plaintiffs' claims require that they submit proof of their physical, mental and emotional injuries.  Plaintiffs' exhibits on this point are: medical records; mental health records; declarations by each plaintiff that contain descriptions of sensitive, protected health information including descriptions of their or their family member's serious physical and mental injuries sustained in the Khobar Towers attack and their medical, psychological, and psychiatric treatments; and Veterans Administration disability records. Moreover, the declarations and the medical records contain the personal addresses of the service members and their families.  They are fearful that the disclosure of their addresses if the declarations and exhibits are filed publicly

may increase their vulnerability to reprisals.  The public filing of the declarations and exhibits would unnecessarily disclose private medical information and sensitive personal information and would subject Plaintiffs, many of whom struggle with PTSD, to stress and public exposure.

Here, all of the *Hubbard* factors weigh in favor of sealing evidence containing plaintiffs' protected health information without any redacted version placed on the public docket.  First, there is no need for the public to pry into the plaintiffs' medical documents and detailed recounting of their mental and physical injuries.  Nor would the public have had any access to this information as the medical records, psychological reports, and VA records are protected from disclosure under federal privacy laws.  Nor has any party objected to the disclosure.  In *Hardaway v. D.C. Housing Authority*, the United States District Court for the District of Columbia, considering similar medical evidence like that here, held that the district court had abused its discretion in refusing to seal the plaintiff's disability records, including medical reports. 843 F.3d at 980-81.  Noting that under the *Hubbard* factors, the "public has no need" for documents describing plaintiff's disability, the Court emphasized the plaintiff's "strong privacy interest in keeping the details of her disability confidential" as weighing against public disclosure.  *Id.*  The records themselves were thus placed under seal, and any description of the disability in briefing or other papers were ordered to be redacted. *Id.* at 981. In line with *Hardway*, plaintiffs respectfully submit that this Court reconsider its July 18, 2018 minute order and remove any requirement that plaintiffs place copies of their medical records, psychological reports, VA documents, and declarations on the public docket.

**2.     Plaintiffs' Birth Certificates and Passports Should Also Be Excluded from the Public Docket**

Due to the high profile and controversial nature of their complaint, Plaintiffs are concerned for their security and safety.  In order to demonstrate their U.S. citizenship, Plaintiffs

will submit as exhibits to their declarations their passports, birth certificates, and naturalization certificates, and injured claimants will also submit their military records to demonstrate their Air Force service.  Plaintiffs are concerned that these documents are vulnerable to identify theft.  In another FSIA case against the same defendants, *Salzman et al v. Islamic Republic of Iran, et al.*, (1:17-cv-2475), District of Columbia District Court, the Court granted the Motion by Plaintiffs to File Their Passports Under Seal, (ECF No. 19), due to plaintiffs' concerns of identity theft and reprisal.  Redaction is not a practicable solution here, since both of these documents contain identifying information, such as their family members (birth certificate); date of birth; and in the case of the passports, pictures of each plaintiff.  As they are victims of terrorism who have brought suit against the state that sponsored the terrorist act that caused their injuries, they are fearful of having any public versions of identity documents on the public docket.  Redaction is impracticable as all of the information in the document would have to be redacted.  Moreover, even with the pictures and words redacted, birth certificates, passports, and naturalization records are highly valuable targets for identity thieves.  The sensitive nature of the information here outweighs the general presumption of openness. *See Barimah v. Bank of Am.*, No. 14-cv-3324, 2016 U.S. Dist. LEXIS 100720 at 28-29 (granting motion to seal passports and medical records because "both of these filings contain sensitive personal information that is properly the subject of seal in its entirety" and that "no alternative would provide sufficient protection."

WHEREFORE, Plaintiffs request that this Court GRANT their Motion for Reconsideration of Partial Denial for Leave to File Evidence Under Seal.

Dated: September 17, 2018                                   Respectfully Submitted,

                                                                */s/* Joshua M. Ambush_____
                                                        Joshua M. Ambush (Bar No. MD 27025)

Law Offices of Joshua M. Ambush, LLC
1726 Reisterstown Road
Suite 206
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WILLIAM M. SCHOOLEY, *et al.*,    *
                                  *
   Plaintiffs,                    *
                                  *
   v.                             *       Case No.  1:17-CV-01376-BAH
                                  *
ISLAMIC REPUBLIC                  *
OF IRAN, *et al.*,                *
                                  *
   Defendants.                    *
*****************************************************************************

**ORDER**

Upon consideration of Plaintiff's Motion for Reconsideration, it is hereby:

ORDERED that portion of the Court's July 18 minute order ordering that plaintiffs' exhibits, including declarations, medical records, psychological records, records from the Veterans' Administration, birth certificates, naturalization certificates, and passports, be placed on the public record in redacted form, is STRUCK;

Plaintiffs shall be permitted to file their declarations and supporting exhibits under seal.

DATED: _____       _____
                                      The Honorable Beryl A. Howell
                                      Chief Judge