| | | |
|---|---|---|
| WILLIAM M. SCHOOLEY, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.  1:17-CV-01376 (BAH) |
| | * | |
| ISLAMIC REPUBLIC | * | |
| OF IRAN, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>PLAINTIFFS' MOTION FOR JUDICIAL NOTICE OF PRIOR RELATED CASES AND FOR DEFAULT JUDGMENT AS TO LIABILITY AND DAMAGES AGAINST IRANIAN DEFENDANTS</u>

Pursuant to Federal Rule of Evidence 201, Plaintiffs move for an Order taking judicial notice of the records and proceedings from prior related cases pursuant to Federal Rule of Evidence 201; and move for default judgment as to liability and damages against Defendants the Islamic Republic of Iran; the Iranian Ministry of Intelligence and Security; and the Iranian Islamic Revolutionary Guard Corps (collectively "Iranian Defendants") pursuant to Federal Rule of Civil Procedure 55(b), 28 U.S.C. §1608(e) and LCvR 7.

As detailed in the Memorandum of Law below, Plaintiffs move pursuant to Federal Rules of Evidence 201 for an Order taking judicial notice of the records and proceedings from prior related cases before the District Court for the District of Columbia, including *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40 (D.D.C. 2006); *Valencia v. Islamic Republic of Iran*, 774 F. Supp. 2d 1 (D.D.C. 2010); and *Rimkus v. Islamic Republic of Iran*, 575 F. Supp. 2d 181 (D.D.C. 2008).

Plaintiffs also move for default judgment as to liability and damages against the Iranian Defendants.  An Entry of Default as to the Iranian Defendants was entered on April 23, 2018. (ECF No. 15). Plaintiffs' case is now fully submitted.  Arguments regarding personal jurisdiction, subject

1

matter jurisdiction, and the standard for default judgment under FSIA, were briefed and submitted in Plaintiffs' Statement of Points and Authorities in Support of Their Motion for Default Judgment Upon Evidentiary Hearing Against Iranian Defendants, which was filed on May 15, 2018 (ECF No 16-1) and which Plaintiffs herein incorporate by reference. Evidence as to damages for individual plaintiffs, including declarations and exhibits, has been fully submitted. Plaintiffs' Proposed Findings of Fact and Conclusions of Law have been submitted.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDICIAL NOTICE OF PRIOR RELATED CASES**

This case arises out of the June 25, 1996 terrorist bombing of the United States Air Force housing complex at Khobar Towers in Dhahran, Saudi Arabia. Plaintiffs are injured American service members who were wounded in the bombing and their immediate family members.

Plaintiffs move pursuant to Federal Rules of Evidence 201 for an Order taking judicial notice of the records and proceedings from prior related cases before the District Court for the District of Columbia, including *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40 (D.D.C. 2006); *Valencia v. Islamic Republic of Iran*, 774 F. Supp. 2d 1 (D.D.C. 2010); and *Rimkus v. Islamic Republic of Iran*, 575 F. Supp. 2d 181 (D.D.C. 2008).

These cases also arose out of the bombing of Khobar Towers and dealt with identical issues regarding the liability of the same Iranian defendants - Iran, MOIS, and IRGC - for the attack on Khobar Towers. In those cases, the Court found that the three Iranian Defendants were liable for the Khobar Towers bombing. Judicial notice of these proceedings is warranted here.

Rule 201 of the Federal Rules of Evidence authorizes a court to take judicial notice, on its own or at the request of a party, of adjudicative facts that are "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned." Federal Rules of Evidence 201(a)–(c). Judicial notice of these proceedings is warranted here.

The District Court in *Harrison v. Republic of Sudan*, 882 F. Supp. 2d 23 (D.D.C. 2012), in a discussion of the issue of whether to take judicial notice of *Rux v. Republic of Sudan*, 495 F. Supp. 2d 541(E.D.Va 2007), a related proceeding arising out of the bombing of the U.S.S. Cole, concluded:

> **The statutory obligation found in § 1608(e) was not designed to impose the onerous burden of re-litigating key facts in related cases arising out of the same terrorist attack,"** *Rimkus v. Republic of Iran*, 750 F.Supp.2d 163, 172 (D.D.C.2010). Thus, when a court has found facts relevant to a FSIA case involving material support to terrorist groups, courts in subsequent, related cases may "rely upon the evidence presented in earlier litigation . . . without necessitating the formality of having that evidence reproduced.

*Harrison*, 882 F. Supp. 2d at 30-31 (emphasis added).

In similarly taking judicial notice of the proceedings set forth in prior Khobar Towers FSIA litigation in *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 172 (D.D.C. 2010), the Court concluded that judicial notice of a prior case is permissible "because the validity of judicial records is generally 'not subject to reasonable dispute,' and such records are capable of establishing the type and substance of evidence that was presented to earlier courts. The objective issue of what that evidence was — rather than the subjective determination of what that evidence means — is thus a proper exercise of judicial notice." *Id*.

The taking of judicial notice of the prior Khobar Towers cases would not conclusively establish the facts found in those cases, or the liability of the defendants in the instant case. Iran did not appear in those cases and was not represented by counsel, and the plaintiffs here were not plaintiffs in those cases. However, "'[T]he FSIA does not require this Court to re-litigate issues that have already been settled' in previous decisions." *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 59 (D.D.C. 2010). Instead, a court may review evidence considered in an opinion that is judicially

noticed, without necessitating the re-presentment of such evidence. *Heiser*, 466 F. Supp. 2d at 264 (reconsidering evidence presented in *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40 (2006)). In rendering default judgment against a defendant, courts find facts and make legal conclusions anew.

**CONCLUSION**

**WHEREFORE**, for the reasons stated herein, Plaintiffs respectfully request that this Court grant their motion for an order taking judicial notice of prior related cases, and for default judgment against the Iranian Defendants.

Dated: February 11, 2019

Respectfully Submitted,

/s/ Joshua M. Ambush_____
Joshua M. Ambush (Bar No. MD 27025)
Law Offices of Joshua M. Ambush, LLC
1726 Reisterstown Road
Suite 206
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiff*
