# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM M. SCHOOLEY, *et al.*,　　　　*

Plaintiffs,　　　　　　　*

v.　　　　　　　　　　*　　　　Case No. 1:17-CV-01376 (BAH)

ISLAMIC REPUBLIC　　　　*
OF IRAN, *et al.*,　　　　　*

Defendants.　　　　　*

************************************************************************

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE WHY RELATED CASES SHOULD NOT BE CONSOLIDATED

Plaintiffs hereby submit their response to this Court's April 12, 2019 minute order directing, in light of the common issues of fact and law, the plaintiffs to show cause why the two related cases before this Court, *Schooley, et al. v. Islamic Republic of Iran, et al.,* 17-cv-1376, and *Aceto, et al. v Islamic Republic of Iran, et al.,* 19-cv-464, should not be consolidated. For the reasons set forth below, plaintiffs respectfully submit that the related cases should not be consolidated.

## BACKGROUND

The two cases, *Schooley* and *Aceto*, arise out of the same event: the terrorist bombing of Khobar Towers in Saudi Arabia on June 25, 1996, which killed nineteen U.S. Air Force personnel and injured hundreds of others. Plaintiffs are injured U.S. Air Force personnel and members of their immediate families. Both cases were brought against the Islamic Republic of Iran under the terrorism exception to the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §1605A. The complaint in *Schooley* was filed on July 13, 2017 (ECF No. 1). A Notice of Related Case was filed on the same day (ECF No. 2), giving notice that *Schooley* was related to *Akins et al. v. Islamic Republic of Iran, et al.*, Case No. 17-cv-00675, which had been filed on April 17, 2017 and which also arose out of the Khobar Towers bombing. *Schooley* was assigned to Chief Judge Beryl A. Howell (Docket Entry for July 13, 2017]), who also presided over *Akins*, but *Schooley* and *Akins* were not consolidated.

1

The complaint in *Aceto* was filed on February 25, 2019 (ECF No. 1) and a Notice of Related Case was filed the same day (ECF No. 2), providing notice that *Aceto* should be deemed to be related to *Schooley* because *Aceto* involves common issues of fact and grows out of the same event or transaction. On the same day, *Aceto* was assigned to Chief Judge Beryl A. Howell (Docket Entry for February 25, 2019).

## LEGAL STANDARDS

LCvR 40.5 provides that "[c]ivil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District Court and they…. (ii) involve common issues of fact, or (iii) grow out of the same event or transaction…." LCvR 40.5(a)(3). Parties are required to notify the Clerk of the existence of related case at the time of filing a civil action. LCvR 40.5(b)(2).

Fed. R. Civ. P. 42 provides that "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

Consolidation of actions under Rule 42(a) is "a valuable and important tool of judicial administration." *Devlin v. Transp. Communications Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). It helps to "relieve the parties and the court of the burden of duplicative pleadings and court orders." *New York v. Microsoft Corp.*, 209 F.Supp.2d 132, 148 (D.D.C. 2002).

Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court, which may consolidate related cases *sua sponte*." *Nat'l Ass'n of Mortg. Brokers v. Bd of Governors of the Fed. Reserve Sys.*, 770 F. Supp.2d 283, 286 (D.D.C. 2011). "In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits

if they are not consolidated." *Id.* The court has broad discretion in determining whether to consolidate related cases. *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001).

In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy. *See Miller v. United States Postal Serv.*, 729 F.2d 1033, 1037 (5th Cir. 1984). "However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'" *Devlin* at 130, quoting *Consorti v. Armstrong World Ind.*, 72 F.3d 1003, 1007 (2d Circ. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996). "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Clayton v. D.C.*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014). "Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate." *Id.*

## DISCUSSION

The two cases, *Schooley* and *Aceto*, are properly deemed related under LCvR 40.5(a)(3). *Schooley*, the earlier filed case, is still pending on the merits and the two cases involve common issues of fact and grow out of the same event, the terrorist bombing of Khobar Towers. LCvR 40.5(a)(3). (*Akins* was no longer pending on the merits at the time that the complaint in *Aceto* was filed, so *Akins* would not be considered a related case.) However, when weighing the merits of consolidation against the merits of proceeding with separate cases, it is apparent that consolidation of the two cases would delay justice for the *Schooley* plaintiffs without providing any gains in administrative efficiency to the Court.

*Schooley*, the earlier filed case, is in a later stage of litigation than is *Aceto*. In *Schooley*, default was entered against defendants by the Clerk of Court on April 23, 2018 (ECF No. 15). On June 18, 2018, by entry of a minute order, the Court directed plaintiffs to submit information as to whether an evidentiary hearing is required in light of the Court's ability to take judicial notice of evidence of the defendants' liability under Section 1605A of the FSIA in previous cases, and the opportunity for the plaintiffs to submit documentary evidence directly to this Court regarding damages. (Docket Entry for June 18, 2018). On June 20, 2018, plaintiffs submitted a Response agreeing to present documentary evidence as to damages directly to the Court without an evidentiary hearing. (ECF No. 18). Documentary evidence has been submitted as to damages, and plaintiffs have submitted proposed findings of facts and conclusions of law (ECF No. 145) and have filed a motion for default judgment (ECF No. 146).

In contrast, the *Aceto* plaintiffs have not completed service upon defendant Iran. On March 22, 2019, the *Aceto* plaintiffs mailed a copy of the complaint and summons to defendant Iran, pursuant to 28 U.S.C. 1608(a)(3) (ECF No. 12). Assuming that this attempt at service is unavailing, the *Aceto* plaintiffs will be required to proceed to service under 28 U.S.C. 1608(a)(4). If that service is completed, only then will the 60- day period begin for the defendant to answer the complaint before an entry of default can be entered by the Clerk of Court.

Duplicative pleadings and court orders cannot be avoided here, as the *Schooley* case has been fully submitted to the Court and the *Aceto* case is still in the early stages of litigation, with pleadings and court orders yet to be filed and entered. Consolidation would not save expenses for either party as the *Schooley* plaintiffs' litigation costs have already been disbursed.

Consolidation of the two cases would produce no gains in judicial economy. Since each of the 219 *Schooley* plaintiffs and the 31 *Aceto* plaintiffs has individualized injuries, the court would still have to examine the claims and evidence for each plaintiff. -The risk of inconsistent rulings on

common factual and legal questions has already been avoided in these cases by the assignment of *Schooley,* and *Aceto,* all cases arising out of the Khobar Towers bombing, to Chief Judge Beryl A. Howell, who presided in *Akins,* upon the filing of the Notice of Related Cases.

In comparison, §1605A cases in this District arising out of the same act of terrorism have been consolidated where the cases are at the same stage of litigation and a joined trial would produce judicial efficiencies. *Campuzano, et al. v. Islamic Republic of Iran, et al.,* 281 F.Supp.2d 258 (D.D.C. 2003) consisted of two consolidated cases, *Campuzano v. Iran,* 00-cv-2328, and *Rubin, et al. v. Islamic Republic of Iran, et al.,* 01-cv-1655, both arising out of the same triple suicide bombing in Jerusalem carried out by Hamas. "Because both cases arise out of the same terrorist bombing, the court consolidated the two cases for trial pursuant to Federal Rule of Civil Procedure 42(a)." *Id.* at 261. At the time of consolidation, both cases were poised for trial. The Clerk of Court had entered default against the *Campuzano* defendants on December 6, 2001 and against the *Rubin* defendants on March 6, 2002. Since the *Campuzano* plaintiffs and the *Rubin* plaintiffs were at the same state of litigation, consolidation for the purpose of trial was in the interest of judicial economy and there was no risk of prejudice, delay, or added expense for either set of plaintiffs.

In the instant case, consolidation of *Schooley* and *Aceto* would not produce judicial economy, and the *Schooley* plaintiffs would be burdened by the delay in a decision on the merits.

**CONCLUSION**

For the reasons set forth above, the two related cases, *Schooley* and *Aceto,* should proceed separately and should not be consolidated.

Dated: April 15, 2019

Respectfully Submitted,

<u>/s/ Joshua M. Ambush</u>
Joshua M. Ambush (Bar No. MD 27025)
Law Offices of Joshua M. Ambush, LLC
1726 Reisterstown Road
Suite 206
Baltimore, Maryland 21208

Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiffs*